UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                              :

IN RE CHRISTIE'S DATA BREACH LITIGATION,   :

                                                              :          24-CV-4221 (JMF)

*This Document Relates To:*   :
*All Member Cases*   :          <u>ORDER</u>
                                                              :
------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       This Court has an obligation to assure itself of Plaintiffs' standing under Article III. *See, e.g., Frank v. Gaos*, 586 U.S. 485, 492 (2019). Notably, "[t]hat obligation extends to court approval of proposed class action settlements" because "[a] court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing." *Id.*; *see Steven v. Carlos Lopez & Assocs., LLC*, 422 F. Supp. 3d 801, 803 (S.D.N.Y. 2019) (Furman, J.) (denying approval of a class action settlement on the ground that the plaintiffs lacked standing), *aff'd sub nom. McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295 (2d Cir. 2021); *see also Cooper v. Bonobos, Inc.*, No. 21-CV-854 (JMF), 2022 WL 170622 (S.D.N.Y. Jan. 19, 2022) (Furman, J.) (dismissing claims arising from a data breach on the ground that the plaintiff lacked standing).

       In light of the foregoing and Defendant's earlier motion to dismiss for lack of standing, *see* ECF No. 44; ECF No. 45, at 7-15, Plaintiffs shall, no later than **January 9, 2025**, file a supplemental memorandum of law, not to exceed **twenty pages**, addressing the question of standing. In addition, Plaintiffs should address the following:

- The import, if any, of the absence of relief in the proposed settlement for the State Subclasses alleged in the First Amended Complaint, *see* ECF No. 43, ¶¶ 159-62;

- Why the Class is limited in the Settlement Agreement to "all persons residing in the United States whose Private Information was compromised as a result of the Data Breach *and* who were sent notice of the Data Breach," ECF No. 49-1, ¶ 2 (emphasis added); *see*

*also id.* ¶ 62, when the First Amended Complaint defines the Nationwide Class and the State Subclasses as "[a]ll individuals . . . whose Private Information was accessed and/or acquired in the Data Breach discovered by Defendant in May 2024, *including*" — but presumably not limited to — "all those individuals who received notice of the Data Breach," ECF No. 43, ¶ 158 (emphasis added); *see also id.* ¶¶ 159-62.

- Assuming the Class is limited to those who already received notice of the breach — and thus, the members of the Class are known — whether the settlement could or should be structured to provide payments to all Class members rather than only those who submit claims — that is, whether the settlement needs to be a claims-made settlement;

- Whether the Court can or should require electronic notice to Class members in a manner that would enable the Class members to use a link to submit a claim and/or request payment through platforms such as Zelle, Venmo, or Paypal; and

- Why the Court should enjoin and stay "any actions brought by Settlement Class Members" (other than the named Plaintiffs) "concerning the Released Claims . . . pending Final Approval of the Settlement Agreement," ECF No. 49-3, ¶ 16.

No later than **the same date**, Plaintiffs shall file a declaration from each Class Representative describing, with specificity, what "assist[ance]" he or she provided with respect to "the investigation of the case." ECF No. 49-2, ¶ 8.

No later than **January 16, 2025**, Defendant shall file a memorandum of law responding to Plaintiffs' submissions, not to exceed **ten pages**, indicating, in particular, whether it agrees or disagrees with Plaintiffs' position on the issue of standing and briefly explaining its position.

    SO ORDERED.

Dated: December 18, 2024  
       New York, New York

                                                     JESSE M. FURMAN  
                                           United States District Judge