UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

IN RE CHRISTIE'S DATA BREACH LITIGATION          Case No. 1:24-CV-4221 (JMF)

*This Document Relates To: All Member Cases*          CLASS ACTION

----------------------------------------------------------------------x

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 49)** (the "Motion"). The terms of the proposed class action settlement are set forth in a Settlement Agreement (the "Settlement Agreement") by, between and among Plaintiffs Efstathios Maroulis, William Colley, Russell DeJulio, Alice Bruce, and Ildar Gaifullin (collectively, "Plaintiffs") and Defendant Christie's Inc. ("Defendant" or "Christie's" and together with Plaintiffs, the "Parties"), which is attached, with accompanying exhibits, as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion.[1] (as modified by Plaintiffs' Supplemental Memorandum of Law (ECF No. 51) and attachments thereto)

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> all persons in the United States whose Private Information was compromised as a result of the Data Breach and who were sent notice of the Data Breach.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement have the same meaning as set forth in the Settlement Agreement unless otherwise indicated.

Excluded from the Settlement Class are (a) all persons who are governing board members of the Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

3. **Certification of the Settlement Class is Warranted**. The Court also finds that it will likely be able to certify the Settlement Class because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

4. **Notifying Settlement Class Members regarding the Settlement is Warranted**. The Court finds, further to Federal Rule of Civil Procedure 23(e)(1), that the provision of notice is justified and warranted because the Court further finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate.

5. **Findings Concerning the Notice Documents & Plan**. The Court finds that the proposed form, content and method of giving Notice to the Settlement Class as described in the

Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law including Federal Rule of Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology and is designed to be readily understandable by Settlement Class Members.

The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, ~~and C~~** and attached (in redline form) as Exhibit B to Plaintiffs' Supplemental Memorandum of Law (ECF No. 51-2) are therefore **APPROVED**, and the Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.[2]

      6.     **Claims Process.** Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

---

[2] Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties but without further order of the Court.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment including the releases contained therein.

7. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must: (a) state the Settlement Class Member's full name, current address, and signature; and (b) specifically state his or her desire to be excluded from the Settlement and from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion within 10 days following the Opt-Out Date.

8. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Notice. The Notice shall advise Settlement

4

Class Members of the deadline for submission of any objections—the "Objection Date"—which is no later than sixty (60) days after the Class Notice Date. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, current address, current telephone number, and be personally signed; (ii) the case name and case number, *In re Christie's Data Breach Litigation.*, Case No. 24-cv-4221 (JMF); (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received; (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for his/her position(s); (v) copies of any other documents that the objector wishes to submit in support of his/her position; (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and; (vii) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel. Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 64 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

9. **Effect of Release**. If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Settlement Administrator**. The Court appoints Eisner Advisory Group, LLC ("EAG") as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

11. **Class Representatives & Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC and Jonathan Mann of Pittman, Dutton, Hellums, Bradley & Mann, P.C. will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed Class Counsel pursuant to Rule 23(g)(1).

12. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion

in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably and all of the other factors required by Rule 23 and relevant case law.

13. **Termination of Settlement**. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, the Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into. The Settlement Agreement may also be terminated by Defendant under the terms of the Settlement Agreement.

14. **Use of Order**. This Preliminary Approval Order shall have no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation**. All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. ~~Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.~~

17. **Final Approval Hearing**. A Final Approval Hearing shall be held ~~on~~ at 3 p.m. on July 22_____, 202 5 , ~~at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007,~~ where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved. ~~This hearing may be held remotely.~~ Unless and until the Court orders otherwise, the Fairness Hearing will be held by telephone. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  The Court may, by Order filed on ECF, change the date or time of the Fairness Hearing or convert the Fairness Hearing to be in person without further notice to the Class.

18. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

### SETTLEMENT TIMELINE

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Defendants provide Settlement Class Member Information to the Settlement Administrator | Within 10 days following entry of Preliminary Approval Order |
| Notice Commencement Date | 30 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Commencement Date |
| Opt-Out Deadline | 60 days after Notice Commencement Date |
| Claims Deadline | 90 days after Notice Commencement Date |
| **Final Approval Hearing** | 150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval Deadline | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 16 days before Final Approval Hearing Date |

SO ORDERED THIS __19th__ DAY OF _____February_____, 2024.

_____
Hon. Jesse M. Furman
United States District Court Judge

The Clerk of Court is directed to terminate ECF No. 49.